Deaderick, J.,
delivered the opinion of the Court.
The bill in this case was filed in the Chancery Court at Newport, to partition land and distribute the personal estate, after the payment of debts, amongst the heirs at law and distributees of Clevenger, deceased.
It was found impracticable to divide the slaves, and they were directed, by decree at March Term, 1861, to be sold on a credit of twelve months.
The sale was accordingly made,'and most of the slaves were purchased by the distributees.
One was bought by John Rorax, at the price of $1,100, one by ¥m, Vinsent for $1,005, and one by James C. Murray, for $889.
But the only question we are called upon to decide is, whether W. McSween, former Clerk and Master of said Court, who made the sale of the slaves, is liable to account for' the price of the slave sold to Rorax.
The fácts in relation to that transaction are, that at the time the sale was made, McSween and the adminis *106 trator, who is also one of tbe distributees, announced, that when the notes fell due, they would receive payment in whatever was the currency then in use. It is also in proof that bank notes and Confederate notes were current at the time the notes fell due.
Three witnesses were examined, two of whom concur in stating that some of the other distributees were present, and one states that all were present when this announcement was made, and none of them made any objection.
It is also shown by the proof, that when his note fell due Rorax was applied to by the administrator to pay it, and was directed by him to procure a $1,000 Confederate bond, and pay to McSween, and that he did procure the bond, and paid it on his note, and the balance he paid in Confederate notes.
The Chancellor decreed that McSween should be charged with the amount received of Rorax, less the share, one-twelfth, belonging to the administrator, who is one of the distributees.
In this wm think there is error. It is not pretended that the Clerk and Master has acted in bad faith in receiving the Confederate notes, in payment of the debt due from Rorax. On the contrary, it is fully shown by the testimony of Rorax, that the $1,000 Confederate bond was paid to McSween at the special request, and by the direction of the administrator, and that McSween, in receiving said bond at the request of said administrator, and in view of the announcement made at the time of the sale of the slaves, which was concurred in by all parties in interest, incurred no personal liability for *107 the loss of the same. The administrator has a right to receive the assets of the estate, for the purpose of paying debts, and to receive payment of debts due the estate. And, we hold that it would be unjust to Me-Sween, under the peculiar circumstances of this case, to charge him with the loss of the $1,000 bond, when it is apparent he was acting in accordance with the wishes and implied instructions of those who are now seeking to hold him liable for a loss which should properly fall on themselves.
The decree of the Chancellor will be modified to the extent, and in the particular, indicated in this opinion, and in all other respects be affirmed with costs.